Mark C. Bailey (Bar No. 128118)
Email: mcb@clintonbailey.com
**ClintonBailey, APC**
8865 Research Drive, Suite 200
Irvine, California 92618
Telephone:  (949) 852-9899

Attorneys for Defendant,
1FORCE GOVERNMENT SOLUTIONS, LLC

# UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET MITCHELL, on behalf of herself , all others similarly situated, and the general public,<br><br>        Plaintiff,<br><br>   vs.<br><br>1FORCE GOVERNMENT SOLUTIONS, LLC, a Georgia limited liability company; and DOES 1-50, inclusive,<br><br>      Defendants. | Case No.<br><br>**DECLARATION OF MICHAEL J. BURKE IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§1332, 1441(b), AND 1446** |

1    I, Michael J. Burke, declare as follows:

2    1.    I am a resident of the State of Georgia. I make this declaration based upon my

3    own personal knowledge and could competently testify to the matters contained herein if

4    called upon to do so. I am the President and CEO of Defendant herein, 1Force Government

5    Solutions, LLC.

6    2.    Attached hereto as Exhibit A are true and correct copies of the 11/30/2006

7    Certificate of Organization issued by the State of Georgia and Articles of Organization of

8    1Force Government Solutions, LLC.

9    3.    Defendant 1Force Government Solutions, LLC's principal place of business is

10   located at 1102 Macy Drive, Roswell, Georgia 30076. Defendant has no office in the State

11   of California.

12   4.    I am acquainted with each member of Defendant, and I know that no member

13   of Defendant is a citizen of the State of California; each member is a citizen of the State of

14   Georgia.

15   5.    Attached hereto as Exhibit B is a true and correct copy of the July 6, 2018 25-

16   page "demand" letter I received from Plaintiff's counsel.

17   I declare under penalty of perjury that the foregoing is true and correct and that this

18   declaration was executed on August 30, 2018 at Roswell, Georgia.

19

20

21   Michael J. Burke

22

23

24

25

26

27

28

2

**DECLARATION OF MICHAEL BURKE ISO NOTICE OF REMOVAL OF CIVIL ACTION**

# EXHIBIT "A"

Control No. **06102089**

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

# CERTIFICATE
# OF
# ORGANIZATION

I, **Cathy Cox**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## 1FORCE GOVERNMENT SOLUTIONS, LLC
### a Domestic Limited Liability Company

has been duly organized under the laws of the State of Georgia on **11/30/2006** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal of the City of Atlanta and the State of Georgia on November 30, 2006

Cathy Cox
Secretary of State

Control No: 06102089
Date Filed: 11/30/2006 12:00 AM
Cathy Cox
Secretary of State

# ARTICLES OF ORGANIZATION
## OF
## 1FORCE GOVERNMENT SOLUTIONS, LLC

### Article 1. - Name

The name of the limited liability company is 1Force Government Solutions, LLC.

### Article 2. - Management

Management of the limited liability company is vested in one or more managers, to be appointed in accordance with the terms of the company's Operating Agreement.

### Article 3 – Registered Office

The street address of the company's initial registered office is 3350 Riverwood Parkway, Suite 800, Atlanta, GA 30339. The initial registered agent at such address is Scott A. Wharton.

### Article 4 – Organizer

The name and address of the company's organizer is Scott A. Wharton, Esq., Hill, Kertscher & Wharton, LLP, 3350 Riverwood Parkway, Suite 800, Atlanta, Georgia 30339.

This 29th day of November, 2006.



Scott A. Wharton, Esq. as Organizer

CORPORATIONS DIVISION
2006 NOV 30 A 10: 55
SECRETARY OF STATE

State of Georgia
Expedite Creation - Domestic Entity 2 Page(s)

T0633409512

LLC-articles of org

# EXHIBIT "B"



**SPIVAK LAW**

### *SENT BY ELECTRONIC SUBMISSION AND CERTIFIED MAIL *

July 6, 2018

Attn: PAGA Administrator
Labor and Workforce Development Agency
Attn: PAGA Administrator
http://dir.tflaforms.net
*Via Electronic Submission*

      RE:   *Janet Mitchell / 1Force Government Solutions, LLC.*

To Whom It May Concern:

Pursuant to the California Labor Code Private Attorneys General Act of 2004 (Lab. Code §§ 2698, *et seq.*), Janet Mitchell (hereafter "Mitchell") provides notice on behalf of herself and of all individuals currently and formerly employed or contracted with in California as hourly employees or independent contractors, including but not limited to background investigators, special investigators, and workers in comparable positions (hereafter "Aggrieved Employees"), by 1Force Government Solutions, LLC, a Georgia limited liability company (hereafter "1Force") of violations of California Labor Code sections 204, 226, 226.2, 226.7, 226.8, 510, 512, 1174, 1194, 1197, 1198, and 2802.

At all relevant times, 1Force has employed persons, conducted business, and engaged in illegal payroll practices and policies, throughout California. Mitchell and the Aggrieved Employees are "employees" within the meaning of the Industrial Welfare Commission Order No. 4-2001 (hereafter "the Wage Order"), paragraph 2.F, and "aggrieved employees" within the meaning of California Labor Code § 2699(c).

///
///
///

16530 VENTURA BLVD., STE 312
ENCINO, CA 91436

TEL (818) 582-3086
FAX (818) 582-2561

SPIVAKLAW.COM

*LWDA / 1Force*
*7/6/2018*
*Page 2 of 25*

## Statement of Facts

In or about August 2017, 1Force contracted Mitchell to perform work as a background investigator in California, where Mitchell still works with 1Force as a background investigator today. Rather than employing Mitchell and the Aggrieved Employees, 1Force misclassified Mitchell and the Aggrieved Employees as independent contractors in spite of the following:

1. 1Force trained Mitchell and the Aggrieved Employees how to perform the work it assigned to them;

2. 1Force assigned Mitchell and the Aggrieved Employees the 1Force clients their work pertained to;

3. 1Force set the prices the clients paid for services;

4. The clients paid 1Force directly for the work of Mitchell and the Aggrieved Employees and 1Force collected payment directly from the clients;

5. 1Force paid Mitchell and the Aggrieved Employees a non-negotiable rate of pay;

6. 1Force required Mitchell and the Aggrieved Employees to use 1Force's laptops and proprietary software to perform their work;

7. The work Mitchell and the Aggrieved Employees performed was wholly within the scope of 1Force's usual course of business of providing its customers with information and operational security;

8. Mitchell and the Aggrieved Employees were not customarily and independently engaged in providing information and operational security services to customers; and

9. Mitchell and the Aggrieved Employees worked exclusively for 1Force.

*LWDA / 1Force*
*7/6/2018*
*Page 3 of 25*

In connection with the misclassification, 1Force failed to maintain accurate employee records pertaining to Mitchell and the Aggrieved Employees. Moreover, 1Force failed to pay Mitchell and the Aggrieved Employees at least minimum wage on workdays in which they did not complete a sufficient volume of work for reasons including but not limited to 1Force's computer failures, the travel time between assignments, the complexity of an examination and/or the limitations of a particular examinee. 1Force also required Mitchell and the Aggrieved Employees to work in excess of eight (8) hours in one workday and forty (40) hours in one workweek without compensating them for such time worked at the premium rates required by California law. 1Force failed to provide Mitchell and the Aggrieved Employees with all meal periods and all rest periods, or to pay them one hour's pay for each workday in which it failed to provide them with one or more meal periods and/or rest periods. 1Force failed to separately compensate Mitchell and the Aggrieved Employees for rest periods. 1Force required Mitchell and the Aggrieved Employees to incur certain business expenses in the course of performing their duties, such as expenses associated with use of their personal vehicles to travel to and from assignments, use of their personal cellphones, purchases of office equipment and supplies such as printers, scanners, and copiers, services such as internet service provider fees and utilities, and expendable supplies such as printer toner and paper, for which 1Force failed to reimburse them.

Furthermore, 1Force failed to provide Mitchell and the Aggrieved Employees with itemized wage statements and to timely pay them all earned and unpaid wages during, and upon separation from, their employment with 1Force. For the reasons herein alleged, on behalf of herself and the Aggrieved Employees, Mitchell alleges against 1Force the following violations of the California Labor Code and the Wage Order:

a)     1Force willfully misclassified Mitchell and the Aggrieved Employees as independent contractors;

b)     1Force failed to maintain accurate employment records;

*LWDA / 1Force*
*7/6/2018*
*Page 4 of 25*

    c)    1Force failed to pay Mitchell and the Aggrieved Employees for all hours worked at the correct rates of pay;

    d)    1Force failed to provide Mitchell and the Aggrieved Employees with all meal periods, or to pay them one hour's pay for each workday in which it failed to provide them with one or more timely meal periods;

    e)    1Force failed to provide Mitchell and the Aggrieved Employees with all rest periods, or to pay them one hour's pay for each workday in which it failed to provide them with one or more timely rest periods;

    f)    1Force failed to separately compensate Mitchell and the Aggrieved Employees for rest and recovery periods;

    g)    1Force failed to indemnify Mitchell and the Aggrieved Employees for all business expenses;

    h)    1Force failed to provide Mitchell and the Aggrieved Employees with itemized wage statements; and

    i)    1Force failed to timely pay Mitchell and the Aggrieved Employees all earned and unpaid wages during their employment with 1Force.

Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell now seeks civil penalties based on 1Force's alleged violations of the California Labor Code and the Wage Order.

## The Wage Order

The Wage Order applies to "all persons employed in professional, technical, clerical, mechanical, and similar occupations whether paid on a time, piece rate, commission, or other basis…" At all relevant times during the applicable limitations period, 1Force employed Mitchell and the Aggrieved Employees in

*LWDA / 1Force*
*7/6/2018*
*Page 5 of 25*

professional, technical, and clerical positions to provide its customers with the information and operational security services it provided. Therefore, Mitchell and the Aggrieved Employees are entitled to the protections provided by the Wage Order.

## Willful Independent Contractor Misclassification
### (Lab. Code § 226.8)

Labor Code section 226.8 states:

 (a) It is unlawful for any person or employer to engage in any of the following activities:

  (1) Willful misclassification of an individual as an independent contractor.

  (2) Charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the acts described in this paragraph would have violated the law if the individual had not been misclassified.

 (b) If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

*LWDA / 1Force*
*7/6/2018*
*Page 6 of 25*

> (c)    If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

"Willful misclassification means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor." (*Id.,* § (i)(4).)

At all relevant times, Mitchell and the Aggrieved Employees were employees of 1Force. 1Force engaged, suffered, and permitted them to work. 1Force was clearly aware that they worked for 1Force and that it had the power to prevent them from working for it. 1Force also exercised control over Mitchell and the Aggrieved Employees' wages, hours, and working conditions. 1Force trained Mitchell and the Aggrieved Employees how to perform the work. 1Force assigned Mitchell and the Aggrieved Employees the clients they serviced. 1Force set the prices the clients paid for services. 1Force collected payment from the clients. 1Force paid Mitchell and the Aggrieved Employees a non-negotiable rate of pay. 1Force required Mitchell and the Aggrieved Employees to use 1Force's laptops and proprietary software. The work Mitchell and the Aggrieved Employees performed was wholly within the scope of 1Force's usual course of business of providing its customers with information and operational security. Mitchell and the Aggrieved Employees were not customarily and independently engaged in providing information and operational security to customers. Mitchell and the Aggrieved Employees worked exclusively for 1Force.

In spite of these facts, 1Force misclassified Mitchell and the Aggrieved Employees as independent contractors and has engaged in a pattern and/or practice of so doing. Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties as follows:

*LWDA / 1Force*
*7/6/2018*
*Page 7 of 25*

1.    $25,000.00 for each aggrieved employee for each violation of
California Labor Code section 226.8 as part of a pattern or practice
in addition to any other penalties or fines permitted by law
(penalties set by Labor Code section 226.8(c)); or alternatively,

2.    $15,000.00 for each aggrieved employee for each violation of
California Labor Code section 226.8 in addition to any other
penalties or fines permitted by law (penalties set by Labor Code
section 226.8(b)).

## Failure to Maintain Accurate Employment Records
### (Lab. Code §§ 1174 & 1198)

Labor Code section 1174, which also pertains to recordkeeping, states:

Every person employing labor in this state shall:

...

(c)    Keep a record showing the names and addresses of all
employees employed and the ages of all minors.

(d)    Keep, at a central location in the state or at the plants or
establishments at which employees are employed, payroll records
showing the hours worked daily by and the wages paid to, and the
number of piece-rate units earned by and any applicable piece rate
paid to, employees employed at the respective plants or
establishments. These records shall be kept in accordance with
rules established for this purpose by the commission, but in any
case shall be kept on file for not less than three years. An employer
shall not prohibit an employee from maintaining a personal record
of hours worked, or, if paid on a piece-rate basis, piece-rate units
earned.

*LWDA / 1Force*
*7/6/2018*
*Page 8 of 25*

Labor Code section 1174.5 states:

> Any person employing labor who willfully fails to maintain the
> records required by subdivision (c) of Section 1174 or accurate and
> complete records required by subdivision (d) of Section 1174, or
> to allow any member of the commission or employees of the
> division to inspect records pursuant to subdivision (b) of Section
> 1174, shall be subject to a civil penalty of five hundred dollars
> ($500).

Section 7 of the Wage Order states,

> (A)    Every employer shall keep accurate information with respect
> to each employee including the following:

> (1)    Full name, home address, occupation and social security
> number.
> (2)    Birth date, if under 18 years, and designation as a minor.
> (3)    Time records showing when the employee begins and ends
> each work period. Meal periods, split shift intervals and total daily
> hours worked shall also be recorded. Meal periods during which
> operations cease and authorized rest periods need not be recorded.
> (4)    Total wages paid each payroll period, including value of
> board, lodging, or other compensation actually furnished to the
> employee.
> (5)    Total hours worked in the payroll period and applicable rates
> of pay. This information shall be made readily available to the
> employee upon reasonable request.
> (6)    When a piece rate or incentive plan is in operation, piece
> rates or an explanation of the incentive plan formula shall be
> provided to employees. An accurate production record shall be
> maintained by the employer.

///

*LWDA / 1Force*
*7/6/2018*
*Page 9 of 25*

(B)    Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C)    All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

(D)    Clocks shall be provided in all major work areas or within a reasonable distance thereto insofar as practicable.

Labor Code section 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

During the applicable limitations period, 1Force failed to maintain accurate records of Mitchell and the Aggrieved Employees' total hours worked, paid rest and recovery periods, rate of compensation for the hours worked, and gross and net wages paid for each pay period. Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties as follows: $500 for each aggrieved employee for each violation of California Labor Code section 1174 (penalties set by Labor Code section 1174.5); and $100 for each aggrieved employee for each initial violation of California Labor Code section 1198, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2)).

*LWDA / 1Force*
*7/6/2018*
*Page 10 of 25*

## Failure to Pay for All Hours Worked at the Correct Rates of Pay
## (Lab. Code §§ 226.2, 510, 1194, 1197, & 1198)

In relevant part, section 2(H) of the Wage Order states,

> "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In relevant part, section 3 of the Wage Order states,

> (A)    Daily Overtime - General Provisions

> (1)    The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

> (a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7ᵗʰ) consecutive day of work in a workweek.

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

In relevant part, Labor Code section 226.2 states,

(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

(1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

…

(3) (A) Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of:

(i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.

(ii) The applicable minimum wage.

In relevant part, California Labor Code section 510 states,

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

*LWDA / 1Force*
*7/6/2018*
*Page 12 of 25*

the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

In relevant part, California Labor Code section 1194 states,

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the […] legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of […] overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Under Labor Code section 1197, "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

Labor Code section 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

1Force failed to pay Mitchell and the Aggrieved Employees at least minimum wages for all hours worked on workdays in which they did not complete a sufficient volume of work for reasons including but not limited to 1Force's computer failures, the travel time between assignments, the complexity of an examination and/or the limitations of a particular examinee. 1Force also required Mitchell and the Aggrieved Employees to work in excess of eight (8) hours in one workday and forty (40) hours in one workweek without compensating them for such time worked at the premium rates required by California law. 1Force failed to separately compensate Mitchell and the Aggrieved Employees for rest periods.

Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties as follows:

*LWDA / 1Force*
*7/6/2018*
*Page 13 of 25*

1.  $50 for each aggrieved employee for each initial violation of California Labor Code section 510, and $100 for each aggrieved employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalties set by California Labor Code section 558);

2.  $100 for each aggrieved employee for each initial violation of California Labor Code section 1198, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2));

3.  $100 for each aggrieved employee for each initial violation of California Labor Code section 1194, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2));

4.  $100 for each underpaid hourly employee for each initial violation of California Labor Code § 1197, and $250 for each underpaid employee for each subsequent violation per pay period (regardless of whether the initial violations were intentionally committed), in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203; and

5.  $100 for each aggrieved employee for each initial violation of California Labor Code section 226.2, subdivisions (a)(1) and (a)(4) and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2)).

///
///

*LWDA / 1Force*
*7/6/2018*
*Page 14 of 25*

## Failure to Provide Meal Periods
### (Lab. Code §§ 226.7, 512, & 1198)

In relevant part, Labor Code section 1198 states,

> The employment of any employee . . . under conditions of labor prohibited by the [Wage Order] is unlawful.

In relevant part, Labor Code section 512 states:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

In relevant part, section 11 of the Wage Order states:

> Meal Periods:

> (A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period

*LWDA / 1Force*
*7/6/2018*
*Page 15 of 25*

and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

///

*LWDA / 1Force*
*7/6/2018*
*Page 16 of 25*

In addition, Labor Code section 226.7 states:

    (b)    An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

    (c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

As described above, during the applicable limitations period, 1Force failed to provide Mitchell and the Aggrieved Employees with meal periods. 1Force also failed to pay Mitchell and the Aggrieved Employees one hour's pay for each workday in which it failed to provide them with one or more meal periods. Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties for Labor Code violations as follows:

    1.    $100 for each aggrieved employee for each initial violation of California Labor Code § 226.7, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2));

    2.    $50 for each aggrieved employee for each initial violation of California Labor Code § 512, and $100 for each aggrieved employee for each subsequent violation, per pay period in addition to an

amount sufficient to recover underpaid wages (penalties set by California Labor Code § 558); and

3.      $100 for each aggrieved employee for each initial violation of California Labor Code § 1198, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2)).

### Failure to Provide Rest Periods
### (Lab. Code §§ 226.7 & 1198)

In relevant part, section 2(K) of the Wage Order states,

> "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In relevant part, Labor Code section 1198 states,

> The employment of any employee . . . under conditions of labor prohibited by the [Wage Order] is unlawful.

Section 12 of the Wage Order provides, in relevant part:

> Rest Periods:

> (A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period

*LWDA / 1Force*
*7/6/2018*
*Page 18 of 25*

time shall be counted as hours worked for which there shall be no deduction from wages.

(B)     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

In addition, Labor Code section 226.7 states:

(b)     An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)     If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

As described above, during the applicable limitations period, 1Force failed to provide Mitchell and the Aggrieved Employees with 10-minute rest periods every four hours worked (or major fraction thereof). 1Force also failed to pay Mitchell and the Aggrieved Employees premium wages on workdays it failed to provide them with 10-minute rest periods every four hours worked (or major fraction thereof). Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties for Labor Code violations as follows:

*LWDA / 1Force*
*7/6/2018*
*Page 19 of 25*

    1.    $100 for each aggrieved employee for each initial violation of California Labor Code section 226.7, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2)); and

    2.    $100 for each aggrieved employee for each initial violation of California Labor Code section 1198, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2)).

## Failure to Separately Compensate for Rest and Recovery Periods (Lab. Code § 226.2)

In relevant part, Labor Code section 226.2 states,

(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

(1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

…

(3) (A) Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of:

(i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.

*LWDA / 1Force*
*7/6/2018*
*Page 20 of 25*

As described above, during the applicable limitations period, 1Force failed to separately pay Mitchell and the Aggrieved Employees for rest and recovery periods. Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties as follows: $100 for each aggrieved employee for each initial violation of California Labor Code section 226.2, subdivisions (a)(1) and (a)(4) and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2)).

## Failure to Reimburse for Expenses
### (Lab. Code §§ 1198 & 2802)

Section 9(B) of the Wage Order states:

> When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft.

Labor Code section 1198 prohibits an employer from employing any person under conditions that violate the Wage Order.

In pertinent part, California Labor Code section 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

As described above, during the applicable limitations period, 1Force required Mitchell and the Aggrieved Employees to incur certain business expenses in the course of performing their duties, such as expenses associated with use of their personal vehicles to travel to and from assignments, use of their personal cellphones, purchases of office equipment and supplies such as printers, scanners, and copiers, services such as internet service provider fees and utilities,

*LWDA / 1Force*
*7/6/2018*
*Page 21 of 25*

and expendable supplies such as printer toner and paper, for which 1Force failed to reimburse them both during and after their employment ended.

Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties as follows: $100 for each aggrieved employee for each initial violation of California Labor Code section 2802, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2)).

## Failure to Provide Accurate Wage Statements
### (Lab. Code §§ 226 & 226.2)

Labor Code section 226(a) requires an employer to provide an employee, either semimonthly or at the time of each wage payment, with an accurate and itemized written wage statement that shows:

1.  Gross wages earned;

2.  Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

3.  The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

4.  All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

5.  Net wages earned,

6.  The inclusive dates of the period for which the employee is paid,

7.  The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her

*LWDA / 1Force*
*7/6/2018*
*Page 22 of 25*

> social security number or an employee identification number other
> than a social security number may be shown on the itemized
> statement;

8.  The name and address of the legal entity that is the employer, and

9.  All applicable hourly rates in effect during the pay period and the
    corresponding number of hours worked at each hourly rate by the
    employee.

Labor Code section 226.2 states,

> (a) For employees compensated on a piece-rate basis during a pay
> period, the following shall apply for that pay period:
>
> …
>
> (2) The itemized statement required by subdivision (a) of Section
> 226 shall, in addition to the other items specified in that
> subdivision, separately state the following, to which the provisions
> of Section 226 shall also be applicable:
>
> (A) The total hours of compensable rest and recovery periods, the
> rate of compensation, and the gross wages paid for those periods
> during the pay period.

Labor Code section 2699.3(c) allows employers the chance to "cure" violations
of provisions not listed under 2699.5 within 33 days of the postmark date of the
aggrieved employee's written notice to the LWDA. Section 226.2 is not a
provision listed under 2699.5.

Labor Code section 2699(d) states,

> For purposes of this part, "cure" means that the employer abates
> each violation alleged by any aggrieved employee, the employer is

*LWDA / 1Force*
*7/6/2018*
*Page 23 of 25*

in compliance with the underlying statutes as specified in the notice required by this part, and any aggrieved employee is made whole.

Labor Code section 2699.3(c)(B)(ii) limits this right to once in a 12-month period. After the employer cures the violation, it must give written notice, along with a description of actions taken, by certified mail to the aggrieved employee or representative and the agency within the 33-day period.

1Force failed to provide Mitchell and the Aggrieved Employees with itemized wage statements. Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties as follows:

    1.    $100 for each aggrieved employee for each initial violation of California Labor Code section 1198, and $200 for each aggrieved employee for each subsequent violation (penalties set by California Labor Code section 2699(f)(2));

    2.    $250 for each aggrieved employee for each initial violation of California Labor Code § 226(a), and $1,000 for each aggrieved employee for each subsequent violation (penalties set by California Labor Code section 226.3); and

    3.    $100 for each aggrieved employee for each initial violation of California Labor Code section 226.2, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code section 2699(f)(2)).

Pursuant to Labor Code section 2699.3(c), 1Force may avoid penalties regarding its Labor Code section 226.2(a)(2) violations by showing that it has provided a fully compliant, itemized wage statement to each aggrieved employee for each pay period for the three-year period prior to the date of this letter. 1Force must then provide written notice, including a description of actions taken, by certified mail, to Mitchell. This must all be done within 33 days of the postmark of this letter.

*LWDA / 1Force*
*7/6/2018*
*Page 24 of 25*

## Failure to Timely Pay Wages
### (Lab. Code § 204)

California Labor Code section 204 states all wages (other than those mentioned in Labor Code sections 201–202) earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. In addition, all wages for work performed in excess of the normal work period must be paid by no later than the following regular payday.

Because of its failures to pay Mitchell and the Aggrieved Employees all minimum, overtime, and premium wages within the time periods set by California Labor Code section 204, and for its failures to separately compensate them for rest periods, 1Force failed to timely pay all wages due during employment. Accordingly, on behalf of herself and the Aggrieved Employees, Mitchell seeks against 1Force civil penalties as follows: $100 for each aggrieved employee for each initial violation of California Labor Code section 204, and $200 for each aggrieved employee, plus 25 percent of the amount unlawfully withheld from each aggrieved employee, for each subsequent violation (penalties set by Labor Code section 210).

///
///
///
///
///
///
///
///

*LWDA / 1Force*
*7/6/2018*
*Page 25 of 25*

## Conclusion

As noted above, this letter constitutes the required notice under the California Labor Code Private Attorneys General Act of 2004. Please be advised that I will seek both reasonable attorneys' fees and costs under Labor Code section 2699, subdivision (g)(1) in a civil action should the LWDA decline to pursue this matter. This letter also serves as a formal notice under the catalyst theory and Code of Civil Procedure section 1021.5 to resolve this matter before litigation.

Sincerely,

Sarah Scott, Esq.
sarah@spivaklaw.com
cc:    Janet Mitchell
       Walter Haines, Esq.

       1Force Government Solutions, LLC
       c/o Dewey Ingham
       Agent for Service of Process
       1102 Macy Drive
       Roswell, GA 30076