1  DAVID G. SPIVAK (SBN 179684)
   david@spivaklaw.com
2  THE SPIVAK LAW FIRM
3  16530 Ventura Blvd., Ste. 312
   Encino, CA 91436
4  Telephone (818) 582-3086
5  Facsimile  (818) 582-2561

6  Attorney for Plaintiff,
7  JANET MITCHELL, and all others similarly situated

8  (Additional attorneys listed on next page.)

9

10          **IN THE UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

12

13  JANET MITCHELL, on behalf of           Case No.: 2:18-cv-07612-PSG-SK
    herself, all others similarly situated,
14  and the general public,                **DISCOVERY MATTER**

15                                          **STIPULATED PROTECTIVE ORDER**
           *Plaintiff*,
16
                                           Hon. Steve Kim
17         vs.                             U.S. Magistrate Judge
                                           Roybal, Courtroom 540
18  1FORCE GOVERNMENT
19  SOLUTIONS, LLC, a Georgia limited
    liability company; and DOES 1-50,
20  inclusive,

21
           *Defendants*.
22

23

24

25

26

27

28



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1

## **ATTORNEYS FOR DEFENDANT**

Alexandria M. Witte (SBN 273494)
awitte@fordharrison.com
Ford & Harrison LLP
350 S. Grand Ave.
Suite 2300
Los Angeles, CA 90071
Telephone:   (213) 237-2400
Facsimile:   (213) 237-2401

Attorney for Defendant,
1FORCE GOVERNMENT SOLUTIONS, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Janet Mitchell v. 1Force Gov't Solutions, LLC, et al.*                    Order Re: Stipulated Protective Order

Counsel for Plaintiff Janet Mitchell ("Plaintiff") and Defendant 1Force Government Solutions, LLC ("Defendant"), by and through their respective counsel of record, stipulate as follows:

1. A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses

3

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1 Action: this pending federal lawsuit, *Janet Mitchell v. 1Force Government Solutions, LLC, et al.*, Case No. 2:18-cv-07612-PSG-SK.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

ONLY."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.</u>

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

///

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

5

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1 Discovery Material in this Action.

2    2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support

3 services (e.g., photocopying, videotaping, translating, preparing exhibits or

4 demonstrations, and organizing, storing, or retrieving data in any form or medium)

5 and their employees and subcontractors.

6    2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is

7 designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

8 ATTORNEYS' EYES ONLY."

9    2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

10 from a Producing Party.

11 3.    <u>SCOPE</u>

12 The protections conferred by this Stipulation and Order cover not only Protected

13 Material (as defined above), but also (1) any information copied or extracted from

14 Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

15 Material; and (3) any testimony, conversations, or presentations by Parties or their

16 Counsel that might reveal Protected Material. However, the protections conferred

17 by this Stipulation and Order do not cover the following information: (a) any

18 information that is in the public domain at the time of disclosure to a Receiving

19 Party or becomes part of the public domain after its disclosure to a Receiving Party

20 as a result of publication not involving a violation of this Order, including becoming

21 part of the public record through trial or otherwise; and (b) any information known

22 to the Receiving Party prior to the disclosure or obtained by the Receiving Party

23 after the disclosure from a source who obtained the information lawfully and under

24 no obligation of confidentiality to the Designating Party. Any use of Protected

25 Material at trial shall be governed by a separate agreement or order.

26 ///

27 4.    <u>DURATION</u>

28    Even after final disposition of this litigation, the confidentiality obligations

6

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Janet Mitchell v. 1Force Gov't Solutions, LLC,
et al.*                                    Order Re:
                              Stipulated Protective Order

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

///

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

7



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of

8

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in

9

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the

10

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice, and at least 10 days prior to filing a joint stipulation for discovery order pursuant to Civil Local Rule 37-1, et seq. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall provide the Challenging Party a joint stipulation to retain confidentiality under Civil Local Rule 37-2 no earlier than 10 days of the parties' meet and confer pursuant to Civil Local Rule 37-1. The parties are required to follow Civil Local Rule 37-1 when seeking a court order in challenging the designation of discovery pursuant to this Stipulation for Protective Order.</u>

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

11

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or

12

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably

13

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

///

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

14

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

   (b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

   (c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7-1, et seq. (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to

15

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

16

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Janet Mitchell v. 1Force Gov't Solutions, LLC, et al.*

Order Re:
Stipulated Protective Order

Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any

18



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1  person to seek its modification by the Court in the future.

2  12.2 Right to Assert Other Objections. By stipulating to the entry of this

3  Protective Order, no Party waives any right it otherwise would have to object to

4  disclosing or producing any information or item on any ground not addressed in this

5  Stipulated Protective Order. Similarly, no Party waives any right to object on any

6  ground to use in evidence of any of the material covered by this Protective Order.

7  12.3 Filing Protected Material. A Party that seeks to file under seal any

8  Protected Material must comply with Local Civil Rule 79-5. Protected Material may

9  only be filed under seal pursuant to a court order authorizing the sealing of the

10  specific Protected Material at issue. If a Party's request to file Protected Material

11  under seal is denied by the court, then the Receiving Party may file the information

12  in the public record unless otherwise instructed by the court.

13  13.  FINAL DISPOSITION

14  Within 60 days after the final disposition of this Action, as defined in

15  paragraph 4, each Receiving Party must return all Protected Material to the

16  Producing Party or destroy such material. As used in this subdivision, "all Protected

17  Material" includes all copies, abstracts, compilations, summaries, and any other

18  format reproducing or capturing any of the Protected Material. Whether the

19  Protected Material is returned or destroyed, the Receiving Party must submit a

20  written certification to the Producing Party (and, if not the same person or entity, to

21  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

22  appropriate) all the Protected Material that was returned or destroyed and (2)

23  affirms that the Receiving Party has not retained any copies, abstracts, compilations,

24  summaries or any other format reproducing or capturing any of the Protected

25  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

26  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

27  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

28  work product, and consultant and expert work product, even if such materials

19

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 18, 2019          THE SPIVAK LAW FIRM

By: */s/ David Spivak*
    DAVID SPIVAK
    Attorney for Plaintiff,
    JANET MITCHELL

Dated: February 18, 2019          FORD & HARRISON LLP

By: */s/ Alexandria M. Witte*
    Alexandria M. Witte
    Attorneys for Defendant,
    1FORCE GOVERNMENT
    SOLUTIONS, LLC

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2  DATED: February 21, 2019

3

4  _____

5  HON. STEVE KIM
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Janet Mitchell v. 1Force Gov't Solutions, LLC, et al.*                    Order Re:
                                          Stipulated Protective Order

<u>**Certification of Compliance with C.D. Cal. L.R. 5-4.3.4(a)(2)**</u>

I hereby certify that pursuant to C.D. Cal. L.R. 5-4.3.4(a)(2), I have obtained the authorization from each of the above signatories to file the above-referenced document, and that the above signatories concur in and authorize the filing's content. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 */s/ Alexandria M. Witte*
Alexandria M. Witte
Attorneys for Defendant,
1FORCE GOVERNMENT SOLUTIONS, LLC

*Janet Mitchell v. 1Force Gov't Solutions, LLC,*
*et al.*

Order Re:
Stipulated Protective Order

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Janet Mitchell v. 1Force Government Solutions, LLC, et al.*, Case No. 2:18-cv-07612-PSG-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com